956 So.2d 1286 (2007)
Angela DeLIBERO, individually, and as Guardian of the Property of Michael DeLibero, Appellant,
v.
Q CLUBS, INC., d/b/a "Q" The Sports Club, 24 Hour Fitness USA, Inc., f/k/a 24 Hour Fitness, Inc., and Fitness Holdings Worldwide, Inc., f/k/a Fitness Holdings, Inc., Appellees.
No. 4D06-806.
District Court of Appeal of Florida, Fourth District.
June 6, 2007.
*1287 Nancy Little Hoffman of Nancy Little Hoffman, P.A., Ft. Lauderdale, and Howard L. Pomerantz of Abramowitz & Pomerantz, P.A., Sunrise, for appellant.
Rosemary B. Wilder of Marlow, Connell, Valerius, Abrams, Adler, Newman, Lewis & Blevins, Coral Gables, for appellees 24 Hour Fitness, USA, Inc., and Fitness Holdings Worldwide, Inc.
Michael A. Mullen and Anne C. Sullivan of Gaebe, Mullen, Antonelli, Esco & DiMatteo, Coral Gables, for appellee Q Clubs, Inc.
KLEIN, J.
Michael DeLibero, while exercising at the defendant's health club, suffered sudden cardiac arrest. Club employees called 911 and performed CPR, but the club did not have an automatic external defibrillator, which will deliver an electric shock to the heart. DeLibero survived, but suffered brain damage, and filed this suit against the club for negligently failing to have a defibrillator available. The plaintiffs appeal a defense verdict.
An automatic external defibrillator (AED), is a battery operated device which contains a minicomputer programmed to detect a victim's heart rhythm and electropads to place on the person's chest. If the heart is in ventricular defibrillation, it tells the rescuer to press a button to deliver an electric shock to the heart.
The first issue is whether the trial court erred in not instructing the jury that evidence of custom in the industry does not by itself establish a standard of care. As the court explained in Nesbitt v. Community Health of South Dade, Inc., 467 So.2d 711, 715 (Fla. 3d DCA 1985):
Because what is usually done is merely some evidence of the standard of care, it is admissible for that limited purpose. Its admission, however, must be qualified by a cautionary instruction to the jury that the evidence does not by itself establish a standard of care.
Plaintiff requested the following instruction:
Evidence of what was usually done in the health club industry is not conclusive or controlling on the question of negligence and does not by itself establish a standard of care. It is only some evidence to be considered with all the evidence in determining what is reasonable.
*1288 Although we agree with Nesbitt, the evidence in this case did not require a cautionary instruction, because it did not amount to evidence of a custom or standard in the industry. The evidence in this case was that, at the time of this accident in 2000, AEDs were being considered, but there was no custom or standard of care as to whether a health club should or should not have an AED.
If defendants had put on evidence that the standard or custom in the industry was not to have AEDs, we would agree with plaintiffs that the cautionary instruction should have been given. Under the circumstances in this case, however, where defendants did not assert that there was a custom or standard, the court did not err in refusing the requested instruction.
Plaintiffs also argue that the trial court erred in enforcing the pretrial ruling, obtained by plaintiffs, that each side would be limited to one expert in each specialty. Plaintiffs' expert who did testify, Dr. Kerber, a cardiologist and an expert as to the AED, testified as to the appropriateness of health clubs having AEDs. The court did not abuse its discretion in not permitting Dr. Van Camp, who was also a cardiologist, from testifying as an expert in sports medicine in health clubs. First, Dr. Van Camp was in the same specialty, cardiology, as Dr. Kerber; and second, the subject of his testimony was not unrelated to Dr. Kerber's testimony. Nor do we find merit in any of the other issues raised by plaintiffs.
Affirmed.
SHAHOOD, J., and REYES, ISRAEL U., Associate Judge, concur.